FILED

October 18, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 1:06 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| NATASHA MARKLEY | ) | |
| Employee, | ) | Docket No. 2016-05-0265 |
| | ) | |
| v. | ) | State File No. 18583-2016 |
| | ) | |
| SPEEDWAY, LLC | ) | |
| Employer, | ) | |
| | ) | Judge Dale Tipps |
| And | ) | |
| | ) | |
| OLD REPUBLIC INS. CO., | ) | |
| Insurer. | ) | |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL AND TEMPORARY DISABILITY BENEFITS
### *(REVIEW OF THE FILE)*

This matter came before the undersigned workers' compensation judge on October 13, 2016, on the Request for Expedited Hearing filed by the employee, Natasha Markley, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Ms. Markley is entitled to medical and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Ms. Markley is likely to establish at a hearing on the merits she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Markley is not entitled to the requested medical and temporary disability benefits at this time.[1]

---

[1] A complete listing of the technical record and exhibits considered by the Court is attached to this Order as an appendix.

1

## History of Claim

A review of Ms. Markley's affidavit[2] shows the following: At approximately 7:30 p.m. on February 26, 2016, Ms. Markley was working at Speedway, a convenience store, when she allegedly slipped on a wet floor in a cooler, twisting her knee. She stated in her affidavit that she notified her shift leader, Roy Taylor. He did not know where the injury forms were located, so she clocked out and went home.

The next day, Mr. Taylor called the assistant manager, Mindy, who told him where the forms were kept. Ms. Markley was unsure how to complete the form, so she and Mr. Taylor called the Café Manager, Christina, who helped Ms. Markley complete it the following day. Speedway provided a medical panel and Ms. Markley went to Urgent Team walk-in clinic, but Speedway denied her claim before a recommended MRI could be performed.

Ms. Markley was unable to return to work because of her pain. She sought treatment on her own at an emergency room, but has been unable to get any additional medical treatment for her injury.

Records from Urgent Team show that Ms. Markley saw PA Michael Johnson on March 1, 2016, for left knee pain, which she attributed to slipping on water in a cooler. PA Johnson noted tenderness and swelling in the left knee, diagnosed left knee pain, and ordered an MRI. He apparently filled out two work status forms. One took Ms. Markley completely off work, and the other assigned temporary restrictions.

Ms. Markley returned to Urgent Team on March 8, where she saw FNP Marguerite Davenport. She reported continuing pain, as well as an inability to bend or straighten her knee. FNP Davenport diagnosed pain in the left knee. She confirmed with the workers' compensation adjuster that Ms. Markley's MRI was pending and noted, "Same restrictions as the previous week."

St. Thomas Rutherford records show that Ms. Markley went to the emergency department on March 24, 2016. She reported twisting her left knee in some water at work about a month earlier. Her workers' compensation claim had been denied, and she was uncertain what to do. PA Scott Jason examined Ms. Markley and diagnosed knee sprain and possible meniscal injury. He instructed her to follow up with orthopedic surgeon, Dr. Martin Fiala.

Speedway submitted several declarations under oath, including that of Christina

---

[2] Speedway filed a motion to strike Ms. Markley's affidavit on the grounds it contained statements that were not based on her personal knowledge. The Court agrees that the last sentence of the affidavit is speculative and strikes that sentence only. The Court declines to exclude the entire affidavit or dismiss the Request for Expedited Hearing because of this single sentence.

Jones, who stated she worked in the café area of the store. She helped Ms. Markley fill out an injury report on February 28, 2016. Ms. Markley reported she went to the walk-in cooler at about 7:30 to pull some food from the cooler, when she slipped in a puddle caused by water dripping from around the light and twisted her knee. Ms. Jones asserted that, "At the time the store was only a few months old and there was no leak in the cooler."

Ms. Jones also reviewed video from the area near the cooler. She described two sequences where the video showed Ms. Markley walking toward the cooler. The first was at 7:30, while Ms. Markley was talking on her cell phone. After eight seconds out of camera range, Ms. Markley returned to the food prep area, still on her phone and not carrying anything else. The second sequence was at 7:42. This time, she was only out of the camera view for four seconds, before reappearing with a drink.

Lee Gann stated in his declaration that he worked in the Speedway café and never saw any leaks in the walk-in cooler or observed Ms. Markley limping or exhibiting other physical signs of pain. Tonya Battles and Maria Allison also stated in their declarations that they never saw any leaks in the cooler.

Following Speedway's denial of her claim, Ms. Markley filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Ms. Markley filed a Request for Expedited Hearing and asked the Court to issue a ruling based on a review of the file without an evidentiary hearing. The Court issued a Docketing Notice on September 30, 2016, identifying the documents it received for review and advising the parties that they had until October 13, 2016, to file any objections to the admissibility of any of those documents.

Ms. Markley did not file a position statement with the Court, but alleged in her other filings that she is entitled to medical and temporary disability benefits as a result of a knee injury. She maintains she injured her knee when she slipped in some water in a walk-in cooler at work. She also contends she gave proper notice of the injury to her shift lead on the day of the accident and to a manager on the next day.

Speedway countered that Ms. Markley is not entitled to any workers' compensation benefits. It contends Ms. Markley's injury did not occur in the course and scope of her employment, based on inconsistencies between her description of the incident and the other proof submitted. In the alternative, Speedway argued the incident did not arise out of Ms. Markley's employment. It contended that, because there was no water or other hazard to cause Ms. Markley's injury, her condition is idiopathic and not compensable.

3

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Markley need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this court might determine she is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1)(2015).

To prove a compensable injury, Ms. Markley must show that her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015).

The Court first notes that some of the discrepancies identified by Speedway in Ms. Markley's version of the events are overstated or mischaracterized. For instance, although the incident report states Ms. Markley told Mr. Taylor about the injury the day after it occurred, her subsequent affidavit statement that she told him that evening does not necessarily rise to the level of perjury, as suggested by Speedway. Instead, the Court notes that minor variations in dates and times are not uncommon, nor are they always indicative of an intent to mislead. Even if minor and insignificant details vary, an injured worker should not be penalized simply for being a poor historian. *Orman v. William Sonoma,* 803 S.W.2d 672, 677 (Tenn. 1991).

Similarly, Speedway's claim that it has proven there was no water on the floor in the cooler is somewhat overstated. The facts that the store was new and that the witnesses had not seen a leak in the cooler do not conclusively prove, as suggested by Speedway, that there was never a leak in the cooler. More importantly, this does not prove there was no water on the floor at the time of the alleged accident.

Other information submitted by Speedway is more significant. Although, Speedway did not submit the actual surveillance video, the Court has no information to suggest Ms. Jones' description of the video was inaccurate. She described only two occasions near the time of the alleged injury when Ms. Markley walked toward the cooler. Neither of those appears to have been long enough for Ms. Markley to perform the task she described in the incident report – "to get some chicken to be prepped." It also appears she did not leave the cooler with any chicken.

Credibility determinations on nothing more than written affidavits are inherently problematic, but the Court notes Ms. Markley chose to submit the matter for

determination on file materials only, rather than provide live testimony. Further, she filed nothing in response to the information submitted by Speedway. There may be explanations that would resolve the conflicting versions of Ms. Markley and Ms. Jones, but the Court cannot construct those for the parties. The absence of any additional information leaves the Court with no basis for resolving the two versions of the incident. Thus, the Court cannot find at this time that Ms. Markley appears likely to meet her burden of proving an injury arising in the course and scope of her employment.

Therefore, as a matter of law, Ms. Markley has not come forward with sufficient evidence from which this Court can conclude that she is likely to prevail at a hearing on the merits. Her requests for medical and temporary disability benefits are denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Markley's claim against Speedway and its workers' compensation carrier for the requested medical and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on December 20, 2016, at 10:00 a.m.

**ENTERED this the 18th day of October, 2016.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of

Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement

6

summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Natasha Markley,
2. Wage Statement,
3. First Report of Injury,
4. C-42 physician panel dated March 1, 2016,
5. Notice of Denial,
6. Notice of Termination of Benefits,
7. Work status forms from Urgent Immediate Family Care,
8. March 9, 2016 letter from Deborah Sunday-Dalton,
9. Records from Tullahoma – Urgent Team,
10. Records from St. Thomas Murfreesboro,
11. Declaration of Christina Jones,
12. Speedway Occupational Injury Report,
13. Excerpts of Recorded Statement of Natasha Markley,
14. Declaration of Lee Gann,
15. Declaration of Maria Allison,
16. Declaration of Tonya Battles, and
17. Declaration of Valarie Evans.

Technical record:
1. Petition for Benefit Determination,
2. Dispute Certification Notice, and
3. Request for Expedited Hearing.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Requested Benefits was sent to the following recipients by the following methods of service on this the 18th day of October, 2016.

| Name | Certified Mail | Fax Number | Via Email | Email Address |
|---|---|---|---|---|
| Sonya Henderson | | | X | sonya@atennesseelawyer.com |
| Michael Radford | | | X | mradford@allenandnewman.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**